UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION

AMY ADAMS AND CHARLES ADAMS,
INDIVIDUALLY AND ON BEHALF OF THEIR
MINOR DAUGHTER, ANN ALLYSE ADAMS                        PLAINTIFFS


VS.                            CIVIL ACTION NO. 3:12CV797TSL-JMR


ENERGIZER HOLDINGS, INC.,
ENERGIZER BATTERY MANUFACTURING,
INC., ENERGIZER BATTERY INC.,
VIZIO INC., AND WAL-MART STORE, INC.                    DEFENDANTS


                   MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of defendants

Energizer Holdings, Inc., Energizer Battery Manufacturing, Inc.,

Energizer Battery Inc. (Energizer), joined by defendant Vizio

Inc., to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  Plaintiffs Amy Adams and Charles Adams,

individually and on behalf of their minor daughter, Ann Allyse

Adams, have responded to the motion and the court, having

considered the memoranda of authorities submitted by the parties,

concludes defendants' motion is well taken and should be granted.

     Defendants argue that the plaintiffs' complaint fails to

plead a cause of action that satisfies the pleading requirements

of Federal Rule of Civil Procedure 8(a).  When faced with a Rule

12(b)(6) motion to dismiss, the court, liberally construing the

complaint in the plaintiffs' favor and accepting all well-pleaded

factual allegations as true, must determine whether the plaintiff

has asserted a legally sufficient claim for relief.  <u>True v. Robles</u>, 571 F.3d 412, 417 (5th Cir. 2009).  A complaint asserts a legally sufficient claim for relief if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  To meet this threshold of facial plausibility, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted).  While a complaint need not contain detailed factual allegations to satisfy Rule 8(a), it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  <u>See</u> 5 C. Wright & A. Miller, <u>Fed. Prac. & Proc.</u>, § 1216, pp. 235-236 (3d ed. 2004)) (stating "it is clear that in order to satisfy the requirements of Rule 8(a) the pleading must contain something more by way of a claim for relief than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action").

Applying this standard to the complaint herein, the court concludes that plaintiffs' allegations do not demonstrate that plaintiffs are entitled to relief. Dismissal is therefore appropriate.

Beyond jurisdictional allegations and a demand for relief, plaintiffs' complaint alleges the following, and nothing more:

### FACTS

On or about July 15, 2011, Ann, was playing in her brother, Dock Braddock's ... room.  During this time, the Vizio television remote, containing Energizer batteries ... began to smoke while lying on the bed. Doc jumped from the bed and the remote hit the floor knocking the batteries loose.  Ann crawled over and picked up the batteries.  As a result of the heat emitted by the batteries, the 2 year old child suffered serious permanent injury to her hands and face.

...
At the time the remote control and batteries left the manufacturer they were in a defective condition which rendered them unreasonably dangerous to the Plaintiffs herein.

### CAUSES OF ACTION:

Plaintiffs would show unto the court that the Defendants are liable, to them and their minor child, under the following causes of action:

a.  Negligence

b.  Breach of implied and express warranties;

c.  Strict products liability;

d.  Manufacturing defect;

e.  Failure to adequately warn or instruct;

f.  Design defect;

g.  Misrepresentation;

h.  Bystander recovery;

i.  Intentional infliction of emotional distress;

j.  Negligent infliction of emotional distress;

k.  Punitive damages; and

l.  All other causes of action which may be discovered during the discovery phase of this action.

Plaintiffs have failed to adequately state any claim for relief under applicable pleading standards.

All plaintiffs' claims are presumably based on their allegation that the Vizio remote control and Energizer batteries in the remote were in a defective condition which rendered them unreasonably dangerous to two-year old Ann Adams, since that is the only substantive allegation in the complaint.  These claims, being based solely on an allegation of product defect, are governed by the Mississippi Products Liability Act (MPLA), which provides that "in any action for damages caused by a product ... [t]he manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller" the product was defective because of one or more of the following: failure to warn, design defect, manufacturing defect or breach of warranty.  See Miss. Code Ann. § 11-1-63(a)(i)(1)-(4). See also Lawson v. Honeywell Intern., Inc., 75 So. 3d 1024, 1027

4

(Miss. 2011) (stating that "[t]he MPLA provides the exclusive remedy for strict-liability claims against a manufacturer or seller for damages caused by a product that has a design defect rendering it unreasonably dangerous.").[1]

---

[1]    Whether plaintiffs could have a negligence claim, including negligent infliction of emotional distress, outside the MPLA may be debatable; but in the end, since plaintiffs' negligence and negligent infliction of emotional distress claims against the defendant manufacturers are based solely on product defect, plaintiffs cannot state a claim for negligence or negligent infliction of emotional distress if they have not stated a cognizable claim under the MPLA.  As Judge David Bramlette recently observed,

> Some district courts have said that the MPLA "subsumes" other common-law claims of negligence against a product manufacturer or seller. [Lashley v. Pfizer, Inc., 877 F. Supp. 2d 466, 471 (S.D. Miss. 2012)].  Other district courts have stated that common-law negligence claims "can be brought alongside strict liability claims," but a determination as to the MPLA claims is dispositive of any coexisting common-law claims of product defect. McSwain v. Sunrise Med., Inc., 689 F. Supp. 2d 835, 846 (S.D. Miss. 2010) (explaining how Mississippi law is equivocal on this point); see also Murray v. Gen. Motors, LLC, 2011 WL 3684517, at *3 (S.D. Miss. Aug. 22, 2011) ("[A] plaintiff's negligence claim cannot survive apart from his MPLA claim.").  ...  Ultimately, all courts seem to agree that the distinction of whether common-law claims of negligence for product defects can or cannot exist outside the MPLA, i.e., whether they are subsumed by or exist alongside of, makes little practical difference because the similarities between the MPLA and common-law claims of negligence dictate that their outcome will be the same.  See Jowers, 2009 WL 995613, at *4.

Chatman v. Pfizer, Inc., – F. Supp. 3d. –, 2013 WL 1305506, 5 (S.D. Miss. March 28, 2013).

To state a product liability claim for design defect under the MPLA, plaintiffs necessarily must identify some defect in the design of the product(s), yet plaintiffs herein have alleged in the most conclusory fashion only that the products were defective, without suggesting even generally the nature of any defect.  See Deese v. Immunex Corp., Civil Action No: 3:11-CV-373-DPJ-FKB, 2012 WL 463722, 3 (S.D. Feb. 13, 2012) (conclusory allegation that defendants "designed and manufactured" an unreasonably dangerous pharmaceutical product" that was "unsafe and harmful to Plaintiff[,]" unaccompanied by any factual support, including what was defective about the design, failed to state claim for design defect).  Moreover, plaintiffs must establish that there existed a feasible design alternative that would have to a reasonable probability prevented the harm.  See Miss. Code Ann. § 11-1-63(f). Plaintiffs herein have not alleged that a feasible alternative design existed, or that the alleged (but unidentified) defect proximately caused the harm for which recovery is sought.  See Chatman v. Pfizer, Inc., No. 5:11-CV-69-DCB-JMR, 2013 WL 1305506, 4 (S.D. Miss. March 28, 2013) (explaining that plaintiff had to "not only identify the defect in the design but also allege that a viable alternative design exists" to be successful on her design defect claim under Miss. Code Ann. § 11-1-63(f)(ii), and finding

6

that as she had alleged neither, "she ha[d] not properly pleaded a true design-defect claim").

Plaintiffs purport to claim a manufacturing defect but do not allege how the subject product(s) deviated from the manufacturers' specifications or other units.  See § 11-1-63(1)(i)(1) (product may be defective "because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications"); Deese, 2012 WL 463722, at 3 (complaint which did not allege how product "deviated in a material way" from manufacturer's specifications or from other units failed to state claim for manufacturing defect under MPLA); see also Funk v. Stryker Corp., 631 F.3d 777, 781-82 (5th Cir. 2011) (affirming dismissal of complaint alleging that hip implant had manufacturing defect because allegations were "impermissibly conclusory and vague"); cf. Cooper v. Wyeth, Inc., Civil Action No. 09-929-JJB, 2012 WL 733846, 9 (M.D. La. March 6, 2012) (dismissing based on Rule 12(b)(6) where "threadbare allegations of a manufacturing ... defect in the complaint simply recite[d] the elements of the cause of action and fail[ed] to amount to anything more than a conclusory statement").

Under the MPLA, to prevail on the basis that a product was defective "because it failed to contain adequate warnings or instructions," Miss. Code Ann. § 11-1-63(a)(i)(2), the plaintiff must prove that, at the time the product left the control of the

manufacturer or seller, "the manufacturer or seller knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought and that the ordinary user or consumer would not realize its dangerous condition," id. § 11-1-63(c)(i), that the failure to warn "rendered the product unreasonably dangerous to the user or consumer" and that "[t]he defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought," id. § 11-1-63(a)(ii)-(iii).  Plaintiffs have alleged none of these elements.

Plaintiffs' complaint offers no hint as to a possible basis for their putative misrepresentation claim.  To establish an actionable claim for negligent misrepresentation under Mississippi law, the pleader must show:

> (1) a misrepresentation or omission of a fact; (2) that
> the representation or omission is material or
> significant; (3) that the defendant failed to exercise
> that degree of diligence and expertise the public is
> entitled to expect of it; (4) that the plaintiff
> reasonably relied on the defendant's representations;
> and (5) that the plaintiff suffered damages as a direct
> and proximate result of his reasonable reliance.

Moran v. Fairley, 919 So.2d 969, 973 (Miss. Ct. App. 2005) (quoting Skrmetta v. Bayview Yacht Club, Inc., 806 So. 2d 1120, 1124 (Miss. 2002)).  Plaintiffs have not alleged even the most basic element of this claim, namely, a representation, and they have failed to allege any of the other elements, as well.

8

Plaintiffs may have suffered emotional distress as a result of witnessing an injury to their minor daughter; but nothing in their complaint suggests a factual basis on which defendants could be liable for such emotional distress.  That is, they have not adequately identified any breach of duty by defendants, either to their daughter or to themselves, that resulted in their alleged injury.

Plaintiffs have included intentional infliction of emotional distress in the list of causes of action in their complaint but they have not alleged facts supporting such cause of action.  To recover damages for intentional infliction of emotional distress, the challenged conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Brown v. Inter-City Federal Bank for Sav., 738 So. 2d 262, 265 (Miss. Ct. App. 1999).  Plaintiffs have pled no facts that would support this claim for relief.  See Burton v. Coahoma Community College, Civ. Action No. 2:11CV129-NBB-SAA, 2012 WL 2254169, 5 (N.D. Miss. June 15, 2012) (dismissing claim for intentional infliction of emotional distress pursuant to Rule 12(b)(6) where "plaintiff's complaint [did] nothing more than recite the conduct required for a cause of action for intentional infliction of emotional distress").

Plaintiffs finally purport to assert a claim for the recovery of punitive damages, but since their remaining claims are due to be dismissed, it follows that this claim fails as a matter of law. See Cole v. Chevron USA, Inc., 554 F. Supp. 2d 655, 674 (S.D. Miss. 2007) ("Punitive damages are not an independent cause of action, they are a remedy[,]" so that "'if there are no actual damages, then there is no right to sue for punitive damages'.") (quoting Kaplan v. Harco Nat. Ins. Co., 716 So. 2d 673, 680 (Miss. Ct App. 1998)).

The Fifth Circuit has held that a court generally should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. Hart v. Bayer Corp., 199 F.3d 239, 248 n.6 (5th Cir. 2000). The court need not grant the plaintiffs such opportunity where they declare the sufficiency of their pleadings and make no attempt to amend their complaint in response to the defendants' challenge pursuant to Rule 12(b)(6). Gallentine v. Housing Auth. of City of Port Arthur, Tex., Civil Action No. 1:12-CV-417, 2013 WL 244651, 23 (E.D. Tex. Jan. 22, 2013) (citing Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010), and Spiller v. City of Tex. City, 130 F.3d 162, 167 (5th Cir. 1997)). Moreover, a request to amend may properly be denied where the proposed amendment would be futile. See Rogers v. Boatright, 709 F.3d 403, 411 (5th Cir. 2013) (affirming denial of leave to amend on basis of futility where plaintiff failed to show that he could have alleged

10

in an amended complaint any additional facts that would have precluded dismissal).

In their response to defendants' motion in this case, plaintiffs ask that they be granted leave to amend in the event the court determines they have failed to state a cognizable claim for relief; yet at the same time, they declare that "at this stage of the litigation, there is no way to specify, with anymore detail, the exact nature of the defects in Defendants' products or other liability Defendants may be liable for (sic) the Plaintiffs." Plaintiffs advise they have retained an expert to determine the specific defect in defendants' products, which they assert is "impossible to determine without such expert advice/opinion." Even were the court willing to consider plaintiffs' request to amend despite their failure to present a procedurally proper motion to amend, see Parham v. Clinton, 374 Fed. Appx. 503, 505–506, 2010 WL 1141638, 2 (5th Cir. 2010) (finding that plaintiffs' statement in response to motion to dismiss that "should the Court find that Plaintiff's [sic] pleadings fail to fully notice Defendant [sic] of Plaintiff's [sic] complaints, Plaintiff [sic] requests leave to amend Plaintiffs' [sic] pleadings to more fully develop the issues before the court[,]" was insufficient to constitute motion to amend under Rule 15(a) and affirming denial of leave to amend), the fact is, plaintiffs themselves have made plain that their proposed amendment would be futile. Plaintiffs admit they have no

information at this time as to the nature of the supposed defect in defendant(s)' products or a basis for any other liability defendants may have to them on account on the injuries received by the minor plaintiff.  In short, plaintiffs admit they have nothing of substance to add to their existing pleading.[2]  Thus, their request to amend is not well taken.

Therefore, based on the foregoing, it is ordered that defendants' motion to dismiss is granted, and it is further ordered that plaintiffs' request to amend is denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 19th day of April, 2013.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2]      The court notes that in their response to the motion, plaintiffs suggest that the facts they have pled support a claim for liability based on the doctrine of *res ipsa loquitur*. Plaintiffs allegations establish that they have not and cannot plead a cognizable claim based on *res ipsa loquitur*.  "The doctrine of *res ipsa loquitur* requires four elements: 1) the matter must be within the common knowledge of laymen; 2) the instrumentality causing the damage must be under the exclusive control of the defendant; 3) the occurrence must be such as in the ordinary course of things would not happen if those in control of the instrumentality used proper care; and 4) the occurrence must not be due to any voluntary act on the part of the plaintiff." Brown v. Baptist Memorial Hosp. DeSoto, Inc., 806 So. 2d 1131, 1135 (Miss. 2002).  At the time of the accident, the remote control and batteries were in their son's bedroom and not under the exclusive control of either defendant.  See Johnson v. Davidson Ladders, Inc., 403 F. Supp. 2d 544, 551 (N.D. Miss. 2005) (*res ipsa loquitur* inapplicable because the subject product was not under the defendant's management and control at time of accident).